UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTIN JEVNIKAR,** | ) | **CASE NO. 1:25-cv-00257** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **THOMAS SLAWINSKI, M.D.,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff Kristin Jevnikar, appearing pro se, filed this action against the Cleveland Clinic Foundation (CCF); six CCF physicians; one physician from the Henry Ford Medical Center in Taylor, Michigan; and Aetna Life Insurance Company (Aetna). (R. 1). Before serving the original complaint, Plaintiff filed the operative Amended Complaint against Defendants. (R. 3).[1] The allegations in the Amended Complaint center on Plaintiff's disagreement with the diagnosis she received from physician Defendants. *Id.* The Amended Complaint alleges claims for medical malpractice, breach of fiduciary duty, conflicts of interest, negligent infliction of emotional distress, violations of Ohio Revised Code §§ 1347.12 and 3701.74, defamation, and violations of 42 C.F.R. § 485.614 and the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320. (*Id.* at PageID# 480–511). Plaintiff seeks unspecified monetary damages. (*Id.* at PageID# 480–512).

**I. Standard of Review**

---

[1] Plaintiff's Amended Complaint is the operative complaint because Plaintiff did not serve Defendants with the original complaint and they did not file a responsive pleading or Rule 12 motion before Plaintiff filed the Amended Complaint. *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *83 (6th Cir. Jan. 23, 2009)

Because Plaintiff is a layperson representing herself, her Amended Complaint and other filings are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nevertheless, Plaintiff must satisfy basic procedural rules and pleading standards, *see Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *McGhee v. Light*, 384 F. Supp. 3d 894, 896 (S.D. Ohio 2019) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)), and the Court need not "conjure allegations" on her behalf, *Erwin*, 22 F. App'x at 580.

Moreover, district courts may conduct a limited screening procedure and dismiss sua sponte a fee-paid complaint filed by a non-prisoner if its allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). A court may also dismiss such a complaint sua sponte when the claims alleged lack arguable bases in law or when the court lacks subject-matter jurisdiction. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## II. Background

Plaintiff is an Ohio resident. (R. 3, PageID# 465). CCF "is an Ohio nonprofit organization" "with its main campus" in Ohio. (*Id.* at PageID# 467). Plaintiff does not allege domicile for herself or the remaining defendants. Rather, as to Aetna, she provides the company's mailing address, and as to physician Defendants, she provides their work addresses. (*Id.* at PageID# 465–66).

Although the Court has fully considered Plaintiff's Amended Complaint and the alleged facts, the Court will provide only an abbreviated factual summary given the jurisdictional issues

described below. In 2016, "Plaintiff became severely ill." (*Id.* at PageID# 468). She was diagnosed with "pulmonary nodules, pulmonary fibrosis," bronchiolitis, and "[a]n unspecified" interstitial lung disease (ILD). *Id.* Many types of ILD exist, and they vary greatly in severity and whether the disease is isolated to the lungs or presents systemically. *Id.* Between 2017 and 2024, in attempting to diagnose the cause of Plaintiff's illness, CCF physician Defendants diagnosed her with respiratory bronchiolitis (RB), "a smoking[-]related ILD reserved to the lungs." (*Id.* at PageID# 468–70). According to Plaintiff, they did so even though she had a "multitude of other systemic findings," "never met the mandatory diagnostic criteria of RB-ILD, … suffers from multiple systemic conditions directly linked to multisystem sarcoidosis," and had test results that "factually argued against the RB-ILD diagnosis and in favor of sarcoidosis." *Id.*

When Plaintiff sought another medical opinion outside of CCF, she purchased supplemental insurance from Aetna to provide additional coverage outside of CCF's system. (*Id.* at PageID# 470). She alleges that CCF electronically transferred her records to the new doctor "without her known consent." *Id.* Plaintiff contends that doctor also diagnosed her with RB-ILD even though she "never underwent the internationally accepted diagnostic process to determine her particular ILD, … never met the diagnostic criteria for RB-ILD, and has exhibited multiple medical findings directly linked to systemic sarcoidosis." *Id.* When Plaintiff later ordered a copy of her medical records, she alleges that they included "false and/or misleading information" and omitted "pertinently associated fundamental facts." (*Id.* at PageID# 470–71).

The Amended Complaint asserts eighteen claims[2] for unspecified monetary damages. (*Id.* at PageID# 480–512). Seventeen of those claims are state-law claims against Defendants. *Id.* The

---

[2] Although the Amended Complaint includes a claim labeled "Count XVIIII [sic]," apparently indicating that it is Plaintiff's nineteenth claim, "Count XVIII" is the eighteenth and final claim in the Amended Complaint. (*Id.* at PageID# 508–11).

eighteenth claim is brought against Aetna, CCF, and multiple individual doctors alleging violations of patient rights listed in 42 C.F.R. § 485.614 and HIPAA. (*Id.* at PageID# 508–11). Plaintiff asserts that this Court has diversity jurisdiction over her claims. (*Id.* at PageID# 467).

### III. Analysis

Federal courts "are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, federal courts "may not exercise jurisdiction absent a statutory basis." *Id.* "Congress has conferred on the [federal] district courts original [subject-matter] jurisdiction in federal-question cases"—that is, cases that "arise under the Constitution, laws, or treaties of the United States." *Id.* (citing 28 U.S.C. § 1331); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). It has also conferred original subject-matter jurisdiction in diversity cases—that is, cases "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens" where all adverse parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. *Exxon Mobile Corp.*, 545 U.S. at 552–53 (citing 28 U.S.C. § 1332); *see also Arbaugh*, 546 U.S. at 513.

Subject-matter jurisdiction must "be established as a threshold matter," and this requirement "is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998), *abrogated on other grounds by*, *Ripley v. Bondi*, 145 S. Ct. 2190 (2025). Subject-matter jurisdiction "can never be forfeited or waived," and courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. Federal courts may not entertain claims over which they lack subject-matter jurisdiction. *See id.*

**A. Federal Claim**

4

A plaintiff properly invokes federal-question jurisdiction under 28 U.S.C. § 1331 when she "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* at 513. The possibility that a complaint might fail to state a claim upon which relief may be granted does not defeat jurisdiction. *Steel Co.*, 523 U.S. at 89 (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Nevertheless, a "claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 … may be dismissed for want of subject-matter jurisdiction if it is … 'immaterial and made solely for the purpose of obtaining jurisdiction' or is," *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell*, 327 U.S. at 682–83), "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," *Apple*, 183 F.3d at 479; *see Steel Co.*, 523 U.S. at 89; *Bell*, 327 U.S. at 682–83.

The Amended Complaint identifies one federal regulation, 42 C.F.R. § 485.614, and one federal statute, HIPAA, as the bases of Plaintiff's eighteenth claim. (R. 3, PageID# 508–11). "However, federal regulations cannot themselves create a cause of action; that is a function of the legislature." *Smith v. Dearborn Fin. Servs.*, 982 F.2d 976, 979 (6th Cir. 1993); *see also Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("[I]t is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress."); *MSP Recovery Claims, Series LLC v. Nationwide Mut. Ins. Co.*, 594 F. Supp. 3d 947, 960 (S.D. Ohio 2022). Thus, any private right of action related to 42 C.F.R. § 485.614 would have to be set forth or implied in the underlying statute or statutes that led to the creation of the regulation. *See Smith*, 982 F.2d at 979. Here, the Amended Complaint does not identify an underlying statute that creates or implies a private right of action. (R. 3). Moreover, there is no suggestion that a statute pertaining to this regulation creates or implies a private right of action. Similarly, no private right of action exists under HIPAA. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 596–97 (6th Cir. 2019); *Thomas v. Univ. of Tenn. Health Sci. Ctr. at Memphis*, No. 17-5708, 2017 WL 9672523, at *2 (6th

5

Cir. Dec. 6, 2017). Because Plaintiff's only claim related to federal law is based on a regulation and statute that do not allow for a private right of action, her Amended Complaint does not establish federal-question jurisdiction.

**B. State-Law Claims**

As to Plaintiff's remaining state-law claims, the Amended Complaint contends that the Court has diversity jurisdiction. (R. 3, PageID# 467). A plaintiff in federal court bears the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8. Plaintiff, however, has failed to meet that burden, and this case will be dismissed.

To establish that a court has diversity jurisdiction over state-law claims, a plaintiff must plausibly allege that all adverse parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. *Exxon Mobile Corp.*, 545 U.S. at 552–53 (citing 28 U.S.C. § 1332); *see also Arbaugh*, 546 U.S. at 513. A natural person is a citizen of the state in which he or she is domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Corporations are citizens of the states in which they have their places of incorporation and principal places of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

The Amended Complaint's allegations do not establish complete diversity of citizenship. The Amended Complaint alleges that CCF "is an Ohio nonprofit organization" with "its main campus" in Ohio. (R. 3, PageID# 467). As such, it alleges that CCF is an Ohio citizen. *See Daimler AG*, 571 U.S. at 137. Although the Amended Complaint does not aver Plaintiff's citizenship, Plaintiff provides her home address, which the Court construes as Plaintiff's pro se assertion of her Ohio citizenship. (R. 3, PageID# 465).[3] Because, liberally construing the Amended

---

[3] The Court notes that "residence" is not synonymous with "domicile" and, thus, can be distinct from citizenship. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (quoting *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905)). For a person to acquire domicile in a state, he or she must be present in the state and intend to make his or her home there

6

Complaint's allegations, both Plaintiff and CCF are Ohio citizens, complete diversity of citizenship does not exist between all adverse parties, and this Court lacks jurisdiction.

Additionally, Plaintiff's Amended Complaint does not allege citizenship for the seven physician Defendants and Aetna. Instead, it provides the Ohio work address for the six CCF physicians and the Michigan work address for the remaining physician. (*Id.* at PageID# 465–66). Similarly, the Amended Complaint merely lists Aetna's mailing address and does not allege the company's place of incorporation or principal place of business. (*Id.* at PageID# 466). Consequently, the Amended Complaint's allegations regarding the physician Defendants' employers' addresses and Aetna's mailing address do not establish domicile or diversity of citizenship. *See Von Dunser*, 915 F.2d at 1072; *Daimler AG*, 571 U.S. at 137.

Given the Amended Complaint's failure to allege citizenship for Aetna and physician Defendants and its allegation that CCF is an Ohio citizen, it does not establish that the Court has diversity jurisdiction over Plaintiff's claims. Because the Amended Complaint fails to establish that the Court has either federal-question or diversity jurisdiction, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and this case will be dismissed.

### IV. Other Filings

Since Plaintiff filed her Amended Complaint, Dr. Bradley has filed a motion to dismiss, (R. 20), which Plaintiff has opposed, (R. 22). In addition, Aetna and Dr. Slawinski have filed motions to dismiss, (R. 33; R. 30), which Plaintiff has opposed, (R. 36; R. 38). CCF and Drs. Alsadah, Bindra, Koniarczyk, Parambil, and Schulz have also filed a motion to dismiss, (R. 34), which Plaintiff has opposed, (R. 39). The Court has reviewed these filings. Nevertheless, because, as described above, there are sufficient grounds to dismiss the Amended Complaint sua sponte,

---

indefinitely or lack an intention to make his or her home elsewhere. *Id*. (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)).

the Court need not further consider the motions to dismiss. They are denied without prejudice as moot.

Additionally, Plaintiff responded to Dr. Bradley's motion to dismiss with what she refers to as a "Supplemental Addendum" in which she asserts that she "more clearly state[s] the [f]ederal statutes alleged to have been violated." (R. 23, PageID# 1084). She contends that "[alt]hough there are no new assertions, separating the allegations listed under Count XVIIII [sic] technically resulted in an additional count," and Rule "15(c)(1)(a) allows related amendments and supplemental pleadings to proceed back to the time of the original filing." *Id.* She restates many of the allegations from "Count XVIIII" of the Amended Complaint but reorganizes them such that some are listed as a new claim, "Count XX." (*Id.* at PageID# 1084–87). She newly asserts that the factual allegations separated into Counts "XVIIII" and "XX" bring claims under 42 C.F.R. § 482.13 and 38 C.F.R. § 17.33. *Id.* Given the filing's reference to Rule 15 and apparent proposed changes to the Amended Complaint, including contentions that the factual allegations assert claims under newly referenced regulations, the Court construes this filing as a motion for leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

Generally, courts "should freely give leave when justice so requires." *Id.* Despite this liberal standard, courts may deny leave to amend "when there is 'undue delay, bad faith[,] or dilatory motive on the part of the movant"; the movant has repeatedly failed "to cure deficiencies by amendments previously allowed"; or the amendment would be futile. *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a [Rule 12(b)(6)] motion to dismiss." *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urb. Dev.*, 632 F.2d 21 (6th Cir. 1980) (per curiam)); *see also Spigno v. Precision Pipeline, LLC*,

59 F. Supp. 3d 831, 834 (E.D. Mich. 2014). To survive a Rule 12(b)(6) challenge, a complaint must contain sufficient well-pleaded factual content, "accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiff's proposed amendments attempt to add claims under 42 C.F.R. § 482.13 and 38 C.F.R. § 17.33. (R. 23, PageID# 1084–87). However, neither code section provides a private right of action. *Thompson v. Detroit Receiving Hosp.*, No. 21-12700, 2022 WL 551220, at *5 (E.D. Mich. Feb. 23, 2022) (explaining that 42 C.F.R. § 482.13 does not provide a private right of action); *Mannon v. VAMC Ann Arbor*, No. 23cv12612, 2025 WL 793021, at *3 (E.D. Mich. Mar. 12, 2025) (explaining that 38 C.F.R. § 17.33 "does not confer a private right of action"). Because neither section provides a private right of action, amendments to add claims under these sections would not survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678; *see also Mannon*, 2025 WL 793021, at *3. Therefore, Plaintiff's proposed amendments would be futile. *See Miller*, 408 F.3d at 817; *see also Mannon*, 2025 WL 793021, at *3. Accordingly, Plaintiff's motion is denied.

Finally, Plaintiff has filed a motion for extension of time, (R. 4), and a motion to "maintain the date of service for" Dr. Slawinski "or grant an extension of time," (R. 16). Dr. Slawinski has filed a motion to strike some of Plaintiff's filings. (R. 32). Because the Court dismisses the Amended Complaint sua sponte and denies Plaintiff's motion for leave to amend, these motions, (R. 4; R. 16; R. 32), are denied as moot.

## V. Conclusion

For the foregoing reasons, this action is dismissed for lack of jurisdiction. Plaintiff's "Supplemental Addendum," (R. 23), construed as a motion for leave to amend, is denied. All other pending motions, (R. 4; R. 16; R. 20; R. 30; R. 32; R. 33; R. 34), are denied as moot. The Court

9

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

Dated: July 22, 2025

                                              s/ *David A. Ruiz*
                                              David A. Ruiz
                                              United States District Judge